# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: December 18, 2024

```
* * * * * * * * * * * * * *     *
                                *
VAUGHN COSTELLO,                *
                                *
            Petitioner,         *      No. 23-1228V
                                *
v.                              *      Special Master Dorsey
                                *
SECRETARY OF HEALTH             *      Damages Award; Tetanus-Diphtheria-
AND HUMAN SERVICES,             *      Acellular Pertussis ("Tdap") Vaccine;
                                *      Influenza ("Flu") Vaccine; Brachial
            Respondent.         *      Neuritis.
                                *
* * * * * * * * * * * * * *     *
```

Renee Ja Gentry, Law Offices of Renee J. Gentry, Washington, DC, for Petitioner.
Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On August 3, 2024, Vaugh Costello ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner filed an amended petition for compensation on March 13, 2024. Petitioner alleged that as a result of tetanus-diphtheria-acellular pertussis ("Tdap") and influenza ("flu") vaccines administered on November 11,2021, he developed brachial neuritis in his right shoulder. Amended Petition at Preamble (ECF No. 21). On April 23, 2024, Respondent filed his amended Rule 4(c) report recommending that compensation be awarded "under the terms of the Vaccine Act with respect to the right-sided brachial neuritis that

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

petitioner presumptively sustained from the Tdap vaccine."[3]  Amended Respondent's Report, filed Apr. 23, 2024, at 9 (ECF No. 27).  Later that day, the undersigned issued a ruling finding Petitioner entitled to compensation.  Ruling on Entitlement dated Apr. 23, 2024 (ECF No. 28).

On December 18, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  Proffer at 2.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $65,000.00 representing compensation for pain and suffering in the form of a check payable to Petitioner.**

Proffer at 2. This amount represents all elements of compensation to which petitioner is entitled under § 15(a).  Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Respondent maintains "[b]rachial neuritis is not a presumptive Table injury for the flu vaccine. To the extent that petitioner claims injury from the flu vaccine administered on November 11, 2021, respondent maintains that petitioner has not established a causation-in-fact claim."  Proffer at 2 n.2.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| VAUGHN COSTELLO,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | No. 23-1228V (ECF)<br>Special Master Dorsey |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 3, 2023, petitioner filed a petition for compensation ("Petition"), under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. He alleged that he developed "brachial neuritis in his right shoulder, resulting from adverse effects of an influenza vaccination received on November 11, 2021." Petition, ECF No. 1 at 1. On March 13, 2024, petitioner amended his petition to include a second vaccine, alleging a brachial neuritis injury "resulting from adverse effects of a DTaP vaccination, and influenza vaccination received on November 11, 2021."[1] Amended Petition, ECF No. 21 at 1.

On April 23, 2024, the Secretary of Health and Human Services ("respondent") filed an Amended Rule 4(c) Report indicating that this case is appropriate for compensation under the

---

[1] Petitioner's medical records indicate that he received a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine, rather than a DTaP vaccine. However, as both vaccines contain tetanus toxoid, the Table analysis in this claim is unchanged.

terms of the Act for a Table injury, specifically brachial neuritis resulting from a Tdap vaccine.[2]
ECF No. 27. Later that day, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 28.

**I.     Items of Compensation**

Respondent proffers that petitioner should be awarded $65,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following:[3] a lump sum payment of $65,000.00, in the form of a check payable to petitioner.

**III.   Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Vaughn Costello:          **$65,000.00**

---

[2] Brachial neuritis is not a presumptive Table injury for the flu vaccine. To the extent that petitioner claims injury from the flu vaccine administered on November 11, 2021, respondent maintains that petitioner has not established a causation-in-fact claim.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

Dated: December 18, 2024